UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>EAD Group LLC,<br><br>                *Applicant*<br><br>For an Order Pursuant to 28 U.S.C. § 1782 to<br>Conduct Discovery for Use in Foreign Proceedings | 25 Misc. 536 (DEH)<br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

DALE E. HO, United States District Judge:

On November 26, 2025, EAD Group LLC ("EAD" or "Applicant") filed this action, seeking an *ex parte* order allowing it to seek discovery from three entities for use in pending proceedings in Switzerland. *See* ECF No. 1. For the reasons stated below, the application is **GRANTED IN PART and DENIED IN PART**.

## BACKGROUND

The following facts are drawn from EAD's submissions in connection with its application.[1] EAD seeks discovery from three U.S.-based financial institutions (the "Respondents") that were involved in the transfer of tens of millions of dollars' worth of stock in Aeva Technologies, Inc. ("Aeva"), for use in an ongoing Swiss civil proceeding arising from that transfer, captioned *EAD Grp. LLC v. W Mgmt. Servs. Ltd.*, Zurich District Court Case No. EQ250244-L (the "Swiss Action"). The Respondents, which are not parties to the Swiss action, are Credit Suisse Securities

---

[1] "[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*," as the respondent "can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (collecting cases).

(USA) LLC ("Credit Suisse USA"), (ii) Brown Brothers Harriman & Co. ("BBH"), and (iii) Citibank, N.A. ("Citibank"),

## LEGAL STANDARD

28 U.S.C. § 1782 allows a district court to compel testimony or production of a document for use in foreign proceeding. "The analysis of a district court hearing an application for discovery pursuant to § 1782 proceeds in two steps." *Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*, 27 F.4th 136, 148 (2d Cir. 2022).[2]   First, the applicant must establish three mandatory prerequisites: "(1) the person or entity from whom discovery is sought 'resides' or is 'found' in the district where the application is made; (2) the requested material is 'for use' in a foreign proceeding; and (3) the application is made by a foreign or international tribunal or any interested person." *IJK Palm LLC v. Anholt Servs. USA, Inc.*, 33 F.4th 669, 675 (2d Cir. 2022) (quoting § 1782).

Then, a district court exercises discretion to grant or deny the application "in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance in our courts." *Mees v. Buiter*, 793 F.3d 291, 297-98 (2d Cir. 2015).   The Supreme Court has identified four additional discretionary factors (the "*Intel* factors") relevant to this determination:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent;" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or

---

[2] In all quotations from cases, internal quotation marks, footnotes, citations, emphasis, brackets, ellipses, and other alterations are omitted unless otherwise indicated.

other policies of a foreign country or the United States;" and (4) whether the request is "unduly intrusive or burdensome."

*Id.* at 298 (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)). The *Intel* factors are "not to be applied mechanically," and the district court "should also take into account any other pertinent issues arising from the facts of the particular dispute." *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 244, 245 (2d Cir. 2018).

## DISCUSSION

For the reasons given below, EAD's application is granted in substance, but not on an *ex parte* basis.

### A.    Statutory Prerequisites

#### 1.    "Resides or Is Found" in the District

First, on the record presented, Respondents are "found" or "reside[]" in the District. "[Section] 1782's 'resides or is found' language extends to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019). "The constitutional limits of personal jurisdiction allow for a showing of either general or specific jurisdiction over each respondent." *In re Application of Steinmetz*, 20 Misc. 212, 2022 WL 170851, at *3 (S.D.N.Y. Jan. 19, 2022). Here, each of the Respondents has its principal place of business in New York. *See* Decl. of Konstantinos Katsiris ("Katsiris Decl.") ¶¶ 22-24, ECF No. 4. Accordingly, EAD has made a sufficient showing to establish general personal jurisdiction over these Respondents. *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) ("[E]xcept in a truly exceptional case, a corporate defendant may be treated as essentially at home [for purposes of general jurisdiction] only where it is incorporated or maintains its principal place of business."). This satisfies the first requirement of the statute. *See In re Chad*, No. 19 Misc. 261, 2019 WL 2502060, at *3 (S.D.N.Y. June 17, 2019) (finding that banks alleged to be

headquartered in the District were subject to general jurisdiction, satisfying the first prong of § 1782).

### 2.    Remaining Requirements

EAD establishes the remaining two statutory requirements.  The discovery sought is undoubtedly "for use" in a foreign proceeding.  The "for use" requirement is "afforded a broad interpretation . . . and . . . may be satisfied so long as the materials sought are 'to be used at some stage of a foreign proceeding.'"  *In re Kingstown Partners Master Ltd.*, No. 21 Misc. 691, 2022 WL 1081333, at *5 (S.D.N.Y. Apr. 8, 2022) (quoting *In re Accent Delight*, 869 F.3d 121, 132 (2d Cir. 2017)).  Here, the requested discovery is clearly for use in the Swiss Action.  *See* Katsiris Decl. ¶¶ 25-33.  And EAD is an "interested person" for purposes of § 1782 by virtue of its status as a party to the Swiss Proceeding.  *See In re Application of Esses*, 101 F.3d 873, 875 (2d Cir. 1996) (finding that the language of § 1782 and its legislative history are clear that being a party to a foreign proceeding satisfies the "interested person" requirement).

### B.    Discretionary Factors

Because EAD establishes the statutory requirements with respect to the Respondents, the Court turns to the discretionary factors.

The *Intel* factors weigh in favor of granting the application.  First, Respondents are not current participants, nor are they expected to be added as participants, in the Swiss Proceeding. *See* Katsiris Decl. ¶ 25.  Second, there is no suggestion that Swiss courts are unreceptive to U.S. judicial assistance.  *See id.* ¶ 17.  "Absent specific directions to the contrary from a foreign forum, [Section 1782's] underlying policy should generally prompt district courts to provide some form of discovery assistance."  *Euromepa, S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1102 (2d Cir. 1995). Third, there is no indication that EAD is seeking to circumvent any proof-gathering restriction

under Swiss law, and EAD submits a declaration indicating that there is no rule or law applicable to the Swiss Action that would foreclose the gathering of evidence relating to the Respondents' involvement in the allegedly unauthorized dissipation of the Collateral Shares. *See* Katsiris Decl. ¶ 17.

Finally, on its face the requested discovery does not appear to be unduly burdensome or intrusive. This factor is evaluated under the standards of Rule 26, *see Mees*, 793 F.3d at 302, which limits discovery to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). EAD seeks limited information that is directly relevant to the transfer of the Aeva shares underlying the Swiss Action and represents that the requested information should be readily available in electronic files kept in the ordinary course of business. *See In re Tuohy*, No. 24 Misc. 605, 2025 WL 1147574, at *4 (S.D.N.Y. Apr. 18, 2025) (Section 1782 subpoenas were not unduly burdensome where they sought documents that three financial institutions "would be expected to maintain in the ordinary course of business.").

The *Intel* factors are not exhaustive. *See Kiobel*, 895 F.3d at 245. The Court has reviewed the record and finds there are no other concerns that counsel against granting EAD the requested discovery. Accordingly, the application is **GRANTED**.

## C.     Notice

EAD shall serve its application materials and this order on the defendants in the Swiss Action (the "Foreign Defendants") prior to serving an authorized subpoena on the Respondents. "[U]nless the district court's authorizing order provides otherwise, a party engaged in foreign litigation who serves a § 1782 subpoena *duces tecum* to obtain documents for use in the foreign litigation must first serve notice on all parties to the foreign proceedings." *In re Hornbeam Corp.*,

No. 14 Misc. 424, 2015 WL 13647606, at *5 (S.D.N.Y. Sept. 17, 2015); *see also In re Speer*, 754 F. App'x 62, 64 (2d Cir. 2019) (declining to find an abuse of discretion in a bankruptcy court's declining to quash a subpoena, because the target of the subpoena failed to show some prejudice from the lack of notice). Although § 1782 discovery applications are regularly handled on an *ex parte* basis, the *ex parte* nature of proceedings makes it all the more important that opposing parties be given the chance to appear once discovery is granted.

EAD argues that the Foreign Defendants will not suffer any prejudice from lack of notice, but "the basic purpose of the Federal Rules of Civil Procedure . . . is to eliminate trial by ambush and encourage full disclosure of relevant information among the parties." *In re Hornbeam Corp.*, 2015 WL 13647606, at *5. Although "case law permits exceptions to the presumptive notice requirement where countervailing interests support a party's need to take discovery in secret," *In re Ernesto Andrade Grp.*, 23 Misc. 424, 2024 WL 195568, at *3 (S.D.N.Y. Jan. 18, 2024), EAD has not adequately established such a need here. Accordingly, notice is required prior to service of the subpoena.

**CONCLUSION**

For the reasons given above, the application is **GRANTED IN PART and DENIED IN PART**. EAD shall serve this order and its application materials on the Foreign Defendants prior to serving an authorized subpoena on any of the Respondents. This matter will be held open until service is complete and the Foreign Defendants have an opportunity to contest the propriety of the subpoena.

The Clerk of Court is respectfully directed to close ECF. No. 1.

SO ORDERED.

Dated: February 27, 2026
      New York, New York

                                                DALE E. HO
                                    United States District Judge