**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re Application of<br><br>EAD Group LLC,<br><br>        *Applicant*,<br><br>To Obtain Discovery for Use in an<br>International Proceeding. | Misc. Action No. 25-mc-536-DEH |

**CONFIDENTIALITY STIPULATION AND ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and among Applicant EAD Group LLC ("EAD") and Credit Suisse Securities (USA) LLC ("CSSU" and, with EAD, the "Parties"), by and through their undersigned counsel:

1.	EAD has issued a subpoena (the "Subpoena") in the above-captioned proceeding under 28 U.S.C. § 1782 (the "1782 Proceeding") seeking documents from CSSU, for use in (1) a pending Swiss civil litigation captioned *EAD Group LLC v. W Management Services Ltd.*, Zurich District Court Case No. EQ250244-L (the "Swiss Civil Litigation") and/or (2) a criminal investigation by the Geneva Public Prosecutors' Office in Switzerland into the conduct of an individual named Bulent Toros (the "Swiss Criminal Investigation"). The purpose of this Confidentiality Order is to facilitate the production of material responsive to the subpoena ("Discovery Material") by providing reasonable assurances against public dissemination and misuse, while permitting EAD to make appropriate use of such materials.

2.	CSSU may designate as Confidential any Discovery Material that contains:

    a. non-public information comprising trade secrets, proprietary business information, competitively sensitive information or other information the

disclosure of which would be detrimental to the conduct of CSSU's business or the business of CSSU's parents, subsidiaries, affiliates, customers, or clients;

b. non-public financial, business, or technical information maintained in confidence in the ordinary course of business; or

c. information CSSU is obligated to keep confidential pursuant to applicable laws, regulations, orders, or agreements, whether in the United States or any other jurisdiction,

(collectively, "Confidential Information" or "Confidential Material").

3. CSSU may designate Confidential Material by marking it "CONFIDENTIAL" (or similar) at the time of production. For materials produced in native or non-markable format, the designation may be made in a cover letter or accompanying metadata. CSSU shall limit designations to specific material that qualifies under Section 2 and shall not designate entire productions or categories of documents as Confidential Information without a good-faith, document-by-document determination.

4. If, at any time, CSSU realizes that Discovery Material or any portion thereof was not, but should have been, designated as Confidential, CSSU may so designate by so apprising EAD in writing, and such Discovery Material will thereafter be treated as Confidential under the terms of this Confidentiality Order. If, prior to such designation, EAD disclosed such Discovery Material to anyone other than those set forth in Section 12, below, EAD shall make reasonable efforts to promptly notify such recipients that the Discovery Material contains Confidential Information and request that the recipients do not publicly disseminate those Discovery Materials except as permitted in accordance with this Confidentiality Order.

5. The protections conferred by this Confidentiality Order cover not only Confidential Material itself, but also (1) any information copied or extracted from Confidential Information; (2)

all copies, excerpts, summaries, or compilations of Confidential Information; and (3) any testimony, conversations, or presentations by the Parties or their Counsel that might reveal Confidential Information.

6.      The Parties acknowledge that this Confidentiality Order does not, by itself, entitle any Party to file Confidential Information under seal, and that such efforts may be subject to applicable laws, regulations, rules, and other guidelines concerning the sealing of confidential information, including but not limited to Section 6 of the Court's Individual Rules and Practices in Civil Cases.

7.      EAD shall not use Confidential Information, or any information derived therefrom, for any purpose other than in connection with (1) the 1782 Proceeding; (2) the Swiss Civil Action; (3) the Swiss Criminal Investigation or any formal criminal proceeding in Switzerland emerging therefrom; or (4) any current or future proceedings arising from or relating to the subject matter of the foregoing proceedings (each an "Other Relevant Proceeding" and, with the 1782 Proceeding, the Swiss Civil Action, and the Swiss Criminal Investigation, "Relevant Proceedings"), provided, however, that, for any Other Relevant Proceeding, EAD has first provided CSSU advance notice of its intended use of the Confidential Information pursuant to the terms of Paragraph 11, below. For the avoidance of doubt, in light of the currently-pending stay of discovery in the action pending before the Court captioned *EAD Group LLC* v. *Toros, et al.*, Case No. 25-cv-08083-DEH (the "U.S. Litigation"), EAD shall not use any Confidential Information in the U.S. Litigation unless and until the Court lifts said discovery stay.

8.      If EAD wishes to file Confidential Information in the 1782 Proceeding, it shall notify CSSU no later than five business days prior to any such filing, so that the Parties may meet and confer and, if necessary, take additional steps pursuant to Section 6 of the Court's Individual Rules and Practices in Civil Cases.

9.      If EAD wishes to file Confidential Information in the Swiss Civil Action or in any criminal proceedings stemming from or otherwise related to the Swiss Criminal Investigation, EAD shall inform the applicable Swiss court or other tribunal of the existence of this Confidentiality Order and request that the applicable Swiss court or other tribunal afford the Confidential Information the same or similar protections afforded herein, to the extent compatible with Swiss law.  If the Swiss court denies that request or otherwise indicates it intends to make Confidential Information public or allow others to do so, EAD shall promptly notify CSSU so that the Parties may meet and confer and/or so CSSU may take additional steps to protect the Confidential Information at issue.  To the extent CSSU wishes to take additional steps that require the input or cooperation of EAD, EAD shall cooperate in good faith as necessary in connection therewith.

10.      If EAD wishes to share Confidential Information with the Geneva Public Prosecutors' Office or any other governmental authority in Switzerland or any other jurisdiction (collectively, "Governmental Authorities") in connection with the Swiss Criminal Investigation, EAD shall inform the Governmental Authority of the confidential nature of the Confidential Information and share a copy of this Confidentiality Order with the applicable Governmental Authority.  If EAD becomes aware any Governmental Authority plans to disclose, has disclosed, or may disclose any Confidential Information publicly or to any other party, EAD shall promptly notify CSSU so that the Parties may meet and confer and/or so CSSU may take additional steps to protect the Confidential Information at issue.  To the extent CSSU wishes to take additional steps that require the input or cooperation of EAD, EAD shall cooperate in good faith as necessary in connection therewith.

11.      If EAD determines that it wishes, or, in the future, may wish to file or publicly disclose any Confidential Information in any Other Relevant Proceedings, EAD shall notify CSSU

4

no later than ten (10) days before EAD files or publicly discloses such Confidential Information in any such Other Relevant Proceeding so that the Parties may meet and confer and/or so CSSU may take additional steps to protect the Confidential Information at issue. To the extent CSSU wishes to take additional steps that require the input or cooperation of EAD, EAD shall cooperate in good faith as necessary in connection therewith. CSSU shall not disclose to anyone other than its attorneys (whether internal or external) EAD's intended use in accordance with this Paragraph, and without limiting the foregoing, CSSU shall not disclose to any third party (including any party adverse to EAD in any Relevant Proceeding) EAD's intended disclosure of any Confidential Information in accordance with this Paragraph.

12.    Unless otherwise ordered by the Court or permitted in writing by CSSU, EAD may disclose Confidential Information only to:

a.  EAD's attorneys (whether internal or external, and including any paralegal, clerical staff, or other assistant employed by such counsel), officers, directors, and employees, but only insofar as disclosure to any such attorney, officer, director, or employee is reasonably necessary in connection with a Relevant Proceeding;

b.  any person retained by a Party to serve as an expert witness or otherwise provide specialized advice or services to counsel in connection with a Relevant Proceeding (including but not limited to consultants or persons or entities providing litigation support services), but only insofar as disclosure to any such expert or consultant is reasonably necessary in connection with a Relevant Proceeding and provided that such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

c. any court, court personnel, or Governmental Authority involved in any Relevant Proceeding (subject to the requirements of Paragraphs 9-11, above, as applicable);

d. witnesses providing testimony in any Relevant Proceeding;

e. stenographers, videographers, court reports, or similar third parties providing services in connection with a Relevant Proceeding;

f. this Court and its personnel; and

g. except as otherwise permitted by this Confidentiality Order, any party to the Swiss Civil Action, any criminal proceeding emerging from the Swiss Criminal Investigation, or any Other Relevant Proceeding, but only to the extent that EAD has provided notice to CSSU under Paragraph 11 above or Paragraph 17, below, as applicable.

13.    Nothing herein shall be construed as preventing any Party from seeking agreement with the other Party—or, if necessary, a Court Order—that the disclosure of certain Confidential Material be limited to only a subset of the individuals referred to in Paragraph 12 above, or be produced with other safeguards (for example, "Attorney-Eyes Only" designation or similar), if required by applicable laws or regulations or if the Party reasonably and in good faith believes such additional safeguards are otherwise necessary.

14.    If EAD objects to any Confidentiality designation CSSU makes, EAD shall serve upon counsel for CSSU a written notice stating with particularity the grounds of the objection. If agreement cannot be reached promptly, counsel for all affected persons shall treat the dispute as a discovery dispute and follow the procedures for such disputes set forth in Section 4(k) of the Court's Individual Practices and Procedures (and/or any such practices and procedures issued by any Magistrate Judge assigned to the 1782 Proceeding). Until such time, if any, as the Court or

any Magistrate Judge rules that the Discovery Material designated as Confidential is not subject to the protections of this Confidentiality Order, such Material shall continue to be treated as Confidential Material hereunder.

15.     If, in response to the Subpoena, CSSU inadvertently discloses information subject to a claim of attorney-client privilege, attorney work product protection, or any other applicable privilege or immunity ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product or other protection with respect to the Inadvertently Disclosed Information and its subject matter.

16.     If CSSU makes a claim of inadvertent disclosure, EAD shall not thereafter review, use, or further disclose the Inadvertently Disclosed Information for any purpose, except for the purpose of challenging the claim of privilege or work product or other protection or by order of the Court.  Any discussion or disclosure of the Inadvertently Disclosed Materials in such challenges must be filed under seal pursuant to the terms of this Confidentiality Order unless otherwise ordered by the Court.  EAD shall, within five business days, return, sequester (if challenging the claim of privilege or work product or other protection as set forth in Paragraph 14 above), or destroy all copies of the Inadvertently Disclosed Information, and confirm in writing to CSSU that all such information has been returned, sequestered, or destroyed.  If, at the time of any claim of inadvertent disclosure, EAD has already filed the Inadvertently Disclosed Information with any court or other tribunal, or shared the Inadvertently Disclosed Information with any Governmental Authority or other third party, EAD shall take reasonable steps to have such Inadvertently Disclosed Information returned or destroyed or, if such return or destruction is not reasonable under the circumstances, to inform all applicable tribunals, Governmental Authorities, or other third parties that CSSU believes the information constitutes Inadvertently Disclosed Information.

17.     If EAD is served with a document request, subpoena, court order, or other request carrying the force of law in connection with a Relevant Proceeding or any other litigation or legal proceeding that compels or seeks to compel disclosure of any Confidential Material, or if EAD believes in good faith that applicable law requires it to disclose Confidential Material to any third party, EAD shall:

a.  promptly notify CSSU in writing of the subpoena, court order, other request, or disclosure obligation;

b.  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation or proceeding, or to whom Confidential Material may otherwise be disclosed, that some or all of the material covered by the subpoena, order, or disclosure obligation is subject to this Confidentiality Order; and

c.  cooperate with respect to all reasonable procedures CSSU seeks to pursue in connection with the Confidential Material at issue.

If CSSU timely seeks a protective order or other legal protections in the other litigation or proceeding in connection with any such subpoena, order, or disclosure obligation, EAD shall not produce any such Confidential Material before a determination by the court or other legal body from which the subpoena or order issued, unless CSSU agrees otherwise.  CSSU shall bear the burden and expense of seeking protection in that court or other legal body of the Confidential Material.  Nothing in this Paragraph shall be construed as authorizing or encouraging any person or entity to disobey a lawful directive from another court or legal body.

18.     This Confidentiality Order shall survive the termination of the 1782 Proceeding. Within 60 days of the final disposition of the last Relevant Proceeding, EAD shall destroy all Confidential Material and all copies thereof.  For the avoidance of doubt, EAD's counsel of record shall be permitted to keep copies of filings and work product that incorporate any Confidential

8

Material, so long as counsel continues to treat such Confidential Material in accordance with this Confidentiality Order. For the avoidance of doubt, nothing herein requires CSSU to destroy any Confidential Material that it produced in this action.

19.     This Court shall retain jurisdiction over all persons subject to this Confidentiality Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

20.     The terms of this Confidentiality Order shall be binding upon each Party once that Party has executed the Confidentiality Order, and CSSU shall not withhold any Confidential Information on the basis that this Confidentiality Order has not been ordered or entered by the Court.

21.     In the event any Party shall violate or threaten to violate the terms of this Confidentiality Order, the aggrieved Party may immediately apply to obtain injunctive relief against any such Party violating or threatening to violate any of the terms of the Confidentiality Order in this Court, and in the event that the aggrieved Party does so, the responding Party, subject to the provisions of the Confidentiality Order, shall not employ as a defense thereto the claim that the aggrieved Party possesses an adequate remedy at law. Any action to enforce this Confidentiality Order, whether to obtain the injunctive relief provide by this Paragraph or otherwise, shall be brought in this Court. Injunctive relief shall not be deemed to be the exclusive remedy for any breach of this Confidentiality Order but shall be in addition to any other remedies to which the aggrieved Party may be entitled at law or in equity.

22.     The Parties may modify the provisions of this Confidentiality Order at any time, by written stipulation, except the Parties may extend any of the time limits contained herein by written agreement.

9

23.     Agreeing to this Confidentiality Order, producing Discovery Material pursuant to this Confidentiality Order, and/or otherwise complying with the terms of this Confidentiality Order shall not:

a. operate as an admission by any Party that any particular Confidential Material contains or reflects or does not contain or reflect trade secrets or any other type of confidential information;

b. prejudice in any way the rights of any Party to object to the production of documents or testimony it considers not subject to discovery;

c. prejudice in any way the rights of any Party to object to the relevance, authenticity, or admissibility into evidence of any document, testimony, or other evidence;

d. prejudice in any way the rights of any Party to seek a determination by the Court whether any Discovery Material should be subject to the terms of this Confidentiality Order;

e. prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purported Confidential Material;

f. prejudice in any way the rights of any Party to move the Court to broaden or restrict the right of access to and use of particular Discovery Material;

g. prevent the Parties to this Confidentiality Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

h. be construed as an agreement by any person or entity to produce or supply any document or testimony, or as a waiver by any person or entity of its right to object to the production of any document or testimony, or as a waiver of any claim of

10

privilege or protection with respect to the production of any document or testimony.

Dated: New York, New York
     June 25, 2026

**EAD GROUP LLC**,

By and through its undersigned counsel at Venable LLP:

_____
Kostas D. Katsiris
 KDKatsiris@Venable.com

151 West 42nd Street
New York, New York 10036
(212) 307-5500

*Counsel for EAD Group LLC*

**CREDIT SUISSE SECURITIES (USA) LLC**,

By and through its undersigned counsel at Cahill Gordon & Reindel LLP:

_____
Herbert S. Washer
Jason M. Hall
Nicholas N. Matuschak
32 Old Slip
New York, New York 10005
(212) 701-3000
hwasher@cahill.com
jhall@cahill.com
nmatuschak@cahill.com

*Counsel for Credit Suisse Securities (USA) LLC*

**SO ORDERED.**

Dated: _____July 2_____, 2026

_____
HONORABLE DALE E. HO
UNITED STATES DISTRICT JUDGE

The Court retains the discretion to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

11

**EXHIBIT A – NON-DISCLOSURE AGREEMENT**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In Re Application of

EAD Group LLC,

        *Applicant*,

To Obtain Discovery for Use in an
International Proceeding.

Misc. Action No. 25-mc-536-DEH

I, _____, acknowledge that I have read and understand the Confidentiality Order in this action between Applicant EAD Group LLC ("EAD") and Credit Suisse Securities (USA) LLC ("CSSU" and, with EAD, the "Parties") governing the non-disclosure of Confidential Material. I agree that (i) I will not disclose such Confidential Material to anyone other than, if applicable, the individuals set forth in Paragraph 12 of the Confidentiality Order; (ii) I will not use or disclose such Confidential Material for any purposes other than in connection with a Relevant Proceeding (as defined the Confidentiality Order); (iii) at the conclusion of the above-referenced matters, I will return all discovery information to the party or attorney from whom I received it, or confirm to that party or attorney that such information has been destroyed; and (iv) I will abide by all other terms of the Confidentiality Order, to the extent applicable to me.  By acknowledging these obligations under the Confidentiality Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Confidentiality Order could subject me to punishment for contempt of Court.

Dated: _____          _____